IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION NO. 2:02CR95-P-D

MICHAEL STARNES

### ORDER

This cause is before the court on defendant Michael Starnes' Motion to Disqualify Counsel for Conflict of Interest [143-1]. The Court, having reviewed the motion and being otherwise fully advised in the premises, finds as follows, to-wit:

Following a jury trial, defendant Starnes was found guilty on all counts of a ten count superseding indictment. Starnes' counsel moved for post-trial relief; that motion was denied by this Court on January 9, 2004. Following a sentencing hearing and entry of a judgment of conviction on February 17, 2004, defendant filed an appeal with the Fifth Circuit Court of Appeals. The appellate court confirmed Starnes' conviction, but remanded the case for resentencing in light of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220, 160 L.Ed.2d 621, 125 S. Ct. 738 (2005).

Subsequent to the remand, defendant Starnes filed the instant pro se motion. In short, Starnes seeks the disqualification of his appointed counsel, Robert W. Davis, and urges the Court to vacate his conviction and grant him a new trial on grounds that a conflict of interest rendered Mr. Davis' counsel ineffective during the course of the first trial.

Review of the record before the Court reveals no basis for the relief sought by defendant.

In order to warrant relief, the defendant must comply with the stringent test set forth in Strickland v. Washington, 466 U.S. 668, 694, 80 L.Ed.2d 674, 104 S. Ct. 2053 (1984). Under the Strickland test, a defendant raising a claim of ineffective assistance of counsel must shoulder the burden of proving that his attorney's errors feel below an objective standard of reasonableness and prejudiced his case. Moreland v. Scott, 175 F.3d, 347, 349 (5th Cir. 1999). The chief ground asserted by defendant Starnes is a purported conflict of interest stemming from Starnes' filing of a bar complaint against his attorney. However, the fact that those proceedings terminated summarily in favor of Mr. Davis without a need for input on his part, this Court's familiarity with the great weight of evidence introduced against defendant Starnes at the trial of this matter, the tremendous skill and effort exercised by defense counsel on Starnes' behalf, and the appellate court's affirmance of his conviction, this Court is of the decided opinion that Starnes cannot make the required showing under either of the Strickland factors, e.g., it is not evident that defense counsel's continued representation of Starnes constituted an error which violated an objective standard of reasonableness and but for which the outcome probably would have differed. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Disqualify Counsel for Conflict of Interest [143-1] is not well-taken and should be, and hereby is, DENIED.

This the 27th day of February 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE